WOODARD, Appellant, vs. CITIZENS SAVINGS & TRUST COM-
PANY and others, Respondents.

*May 1—May 21, 1918.*

*Trust companies: Fraudulent investment of client's money: Cause
of action, in whom vested after owner's death: Testamentary
trustee.*

1. When a trust company to which money was intrusted for invest-
   ment fraudulently invested it in worthless or depreciated se-
   curities, a cause of action at once arose in favor of the owner
   for damages on account of the resulting loss to him.
2. Upon the death of such owner said cause of action vested in his
   estate and passed to his personal representatives, to be pros-
   ecuted for the benefit of the general estate.
3. The assignment by the county court, upon settlement of the
   estate, of the worthless or depreciated securities themselves
   to a testamentary trustee as part of a trust fund to be held by
   him, did not invest him with title to said cause of action.

APPEAL from an order of the circuit court for Milwaukee
county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a general demur-
rer to the complaint. The action is brought in equity by a
testamentary trustee against an insolvent trust company, the
state commissioner of banking who is in charge of its affairs,
and the state treasurer, seeking to recover $6,400 from the
trust company and to secure the payment of the judgment
out of the securities deposited by the trust company with
the state treasurer pursuant to law (Laws 1909, ch. 186) as
security for the faithful execution of trusts. The complaint
is long and somewhat involved, but as we understand it al-
leges in substance the corporate character of the trust com-
pany and its existence in active business at Milwaukee for
many years prior to and up to the 2d day of October, 1913,
on which date the defendant banking commissioner closed
its doors and took charge of its affairs for the purpose of
liquidation; that one Henry M. Ackley at various times be-

tween February, 1905, and April, 1910, turned over to said trust company certain sums of money aggregating $10,100 under the agreement, based upon a consideration, that the trust company would carefully loan and invest the same for him in small amounts and on first-mortgage security; that upon receipt of each of said sums so turned over the trust company fraudulently converted the same into certain named securities, some of which are alleged to have been wholly worthless and some worth only a percentage of their face, and all aggregating in value the sum of $3,700; that Ackley died testate in December, 1912, and that his will was duly probated in February, 1913, by the terms of which he bequeathed to his widow for life the income from the sum of $20,000, which sum was made a trust fund to be invested for her benefit during her life and thereafter to be distributed according to the terms of the will; that the plaintiff is the duly qualified and acting trustee of said trust, having succeeded one Edwards, who was appointed October 11, 1913; that upon the settlement of Ackley's estate said trust fund was by the county court "duly set apart and was composed and made up to that extent of the notes, securities, and obligations" taken by the trust company as hereinbefore stated, "and duly turned over to and received by the plaintiff as trustee aforesaid to carry out said trust;" that the plaintiff in February, 1914, filed a claim with the commissioner of banking for the matters and amounts set forth in the complaint, but that the same was wholly rejected, and that six months has not elapsed since such rejection; that the said trust company actually deposited with the state treasurer $100,000 in approved securities as required by law, and that the same are now in the hands of said treasurer.

The cause was submitted for the appellant on the brief of *Tullar & Tullar* of Waukesha, and for the respondents on that of *Flanders & Fawsett,* attorneys, and *Charles E. Monroe,* of counsel, all of Milwaukee.

21]        JANUARY TERM, 1918.        437

Hayden v. Women's Catholic Order of Foresters, 167 Wis. 437.

WINSLOW, C. J.   The propositions which are decided in this case and which render necessary an affirmance of the order appealed from are as follows:

1. When the trust company invested Mr. Ackley's money in worthless or depreciated securities, a cause of action at once arose in favor of Ackley against the trust company for the loss occasioned to him by reason of such investment.

2. Upon Ackley's death such cause of action vested in his estate and passed to his personal representative, namely the executor, to be prosecuted for the benefit of the general estate.

3. The assignment of the worthless or depreciated securities themselves to the plaintiff as part of the trust fund to be held by him in trust for the benefit of the widow did not invest the trustee with title to the claim or claims for damages in favor of the estate resulting from the investment of Ackley's funds in worthless securities.

4. There is no allegation in the complaint showing that the trustee ever acquired title in any way to such claims for damages, hence no cause of action is stated in his favor.

*By the Court.*—Order affirmed.